Filed 3/10/22  P. v. Ronczyk CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>FRANCIS RONCZYK,<br><br>Defendant and Appellant. | F082236<br><br>(Super. Ct. No. BF177277A)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Colette M. Humphrey, Judge.

Gordon B. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Hill, P. J., Detjen, J. and DeSantos, J.

Appointed counsel for defendant Francis Ronczyk asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. Finding no arguable error that would result in a disposition more favorable to defendant, we affirm.

## BACKGROUND

In 2008, defendant was convicted of lewd and lascivious acts with a child under 14 years of age (Pen. Code, § 288)[1] and was required to register pursuant to section 290.

On March 19, 2019, defendant registered as a sex offender with the Kern County Sheriff's Department. Several weeks later, defendant's parole was suspended and a warrant issued because his whereabouts were unknown.

On June 26, 2019, defendant was arrested. He explained he had been living with friends, but he returned every night to his residence at a particular address. Upon investigation, an officer discovered that the residence at this address was boarded up and vacant, although defendant had been seen in the neighborhood.

On July 8, 2019, the Kern County District Attorney charged defendant with failure to register (§§ 290.013, subd. (a), 290.018, subd. (b); count 1), and alleged he had served a prior prison term (§ 667.5, subd. (b)).

On July 18, 2019, the complaint was amended to allege a prior "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

The same day, defendant pled no contest to count 1 and admitted the prior strike conviction. The prior prison term allegation was dismissed. After defendant requested immediate sentencing, the trial court denied probation and sentenced him to the low term

---

[1] All statutory references are to the Penal Code.

of 16 months doubled by the prior strike to two years eight months pursuant to the Three Strikes law. The court awarded credits and imposed various fines and fees.

On December 28, 2020, defendant filed a notice of appeal pursuant to this court's December 17, 2020 order.

## **DISCUSSION**

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to defendant.

## **DISPOSITION**

The judgment is affirmed.